RISLEY v. PRESIDENT & DIRECTORS OF INS. CO. OF NORTH AMERICA.

(District Court, S. D. New York.   April 8, 1910.)

**1. Shipping (§ 194*)—General Average—Subjects of Compensation—Expense in Port of Refuge.**

Expense incurred by a yacht while on a pleasure voyage, for wages and provisions while in a port of refuge to which she was compelled to go for repairs made necessary by a peril of the sea, constitutes a proper general average charge.

[Ed. Note.—For other cases, see Shipping, Cent. Dig. §§ 613–617; Dec. Dig. § 194.*

General average, see notes to Pacific Mail S. S. Co. v. New York H. & R. Mining Co., 20 C. C. A. 357; The Santa Ana, 84 C. C. A. 316; British & Foreign Marine Ins. Co. v. Maldonado & Co., 106 C. C. A. 133.]

**2. Insurance (§ 402*)—Marine Insurance—Losses Covered—General Average Charges.**

Under a marine policy insuring a vessel against sea perils, and providing that "in case of claim repairs to be paid without deduction of new for old, whether the average be particular or general," and that "in the event of loss by fire claim for general average contribution and salvage charges and/or expenses excepted the liability hereunder shall be in proportion," the insurer is liable for all proper general average charges resulting from a peril insured against.

[Ed. Note.—For other cases, see Insurance, Dec. Dig. § 402.*

Marine insurance general average, see note to Pacific Mail S. S. Co. v. New York H. & R. Mining Co., 20 C. C. A. 357.]

In Admiralty.   Suit by George H. Risley against the President and Directors of the Insurance Company of North America.   Decree for libelant.

Mr. Forrester, for libelant.
Mr. Kneeland, for respondent.

HOUGH, District Judge.   Libelant is the owner of the yacht Hurrion, which vessel while bound from Miami to New York injured her propeller by sea peril in such manner that she was reasonably obliged to wait at St. Augustine, Fla., until such time as a new propeller could be obtained.   Libelant's expenses for wages and provisions of master and crew during the period of delay at St. Augustine amounted to $364, and that is the amount in dispute in this action. So far as this litigation is concerned, the language of the policy only directly covers perils of seas, rivers, lakes, and/or other inland waters. It contains, however, the usual sue and labor clause.   The effective words of insurance are in a "rider" affixed to a very ordinary form of policy, which policy contains these words: "This company is not liable for wages and provisions except in general average when customary and legal at the port of destination."   The omission of these words in the rider is said to be significant.   I do not think so.   The rider is really a substitute for the policy.   It is a complete instrument of insurance in itself, and the rights of the parties are to be construed without any reference to the policy proper.   The claim

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

for the wages and provisions in litigation is averred in the libel to be an expense "necessarily incurred for the benefit of all parties in interest, and constitutes a general average charge."

The questions presented therefore seem to be these: (1) Are wages and provisions' to be regarded as general average in the case of a yacht engaged upon a pleasure voyage and seeking a port of refuge there to undergo repairs rendered necessary by a peril insured against? (2) If such a demand does constitute general average, is it covered by this policy? (3) Is there any other clause in the policy enabling libelant to recover?

[1] It must, I think, be admitted that wages and provisions as well as other port expenses incurred in a port of necessity for the purpose of making repairs constitute a general average charge. Potter v. Ocean Ins. Co., 3 Sumner, 27, Fed. Cas. No. 11,335; Dollar v. La Fonciere Cie. (D. C.) 162 Fed. 563; The Star of Hope, 9 Wall. 236, 19 L. Ed. 638. And the same authorities hold that the absence of cargo upon the disabled vessel does not militate against the application of the principles of general average to such a case. This doctrine seems too strongly established in American law to be disturbed, and even to have gained some acceptance in the English courts. See remarks of Watkin Williams, J., in Pirie v. Middle Dock Co., 4 Asp. 390; in connection with Gow on Marine Insurance, p. 281. I am unable to see any distinction between the case of a vessel without cargo putting into a port of refuge, and there incurring port expenses and making expenditures for wages and provisions which would otherwise have been unnecessary, and the case of a yacht doing the same thing.

[2] As to the second question, the rider contains this language: "In case of claim, repairs to be paid without deduction of new for old whether the average be particular or general"; and, "in the event of loss by fire, claim for general average contribution and salvage charges and/or expenses excepted the liability hereunder shall be in proportion," etc. These are the only references to general average I discover in the rider, which I take to be the only effective words of the policy. It seems to me that these clauses are quite as strong as the one considered in Hall v. Janson, 4 E. & B. 500, and recognize a liability on the part of the insurer to pay all proper general average charges. That is, anything which constitutes a loss or expense resulting from the perils insured against and inseparably annexed to the thing insured is something that the insurer has impliedly undertaken to pay.

If, therefore, I am right in believing the American decisions to have gone so far as to render it necessary to hold that wages and provisions in a port of necessity are even in the case of a yacht a proper general average charge, then they are recoverable under this policy, because the insurer has impliedly undertaken to pay general average.

This conclusion renders any consideration of the third question propounded unnecessary.

Decree for libelant.